UNITED STATES of America, Plaintiff,

v.

**Michael Dennis BERGQUAM, Defendant.**

Nos. CR 93–227–FR, CV 95–140–JO.

United States District Court, D. Oregon.

Dec. 1, 1995.

Michael Dennis Bergquam, Sheridan, OR, pro se.

Charles F. Gorder, U.S. Attorneys Office, Portland, OR, for U.S.

### ORDER

ROBERT E. JONES, District Judge.

Defendant Michael Dennis Bergquam petitions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of double jeopardy. In the alternative, he seeks a downward departure in his sentence.

The undisputed facts show that Bergquam entered a guilty plea to a federal charge of manufacturing marijuana on Octo-

ber 19, 1993. Property seized from Bergquam's residence was administratively forfeited by the DEA on October 1, 1993, and November 12, 1993. Thus, jeopardy attached in the criminal case after the first administrative forfeiture was complete. However, Bergquam failed to assert a claim to the forfeited property. Under recent Ninth Circuit decisions, jeopardy does not attach where a potential claimant fails to assert a claim in administrative forfeiture proceedings. *United States v. Sanchez-Cobarruvias*, 65 F.3d 781 (9th Cir.1995); *United States v. Cretacci*, 62 F.3d 307 (9th Cir. 1995). Bergquam argues strenuously that these cases were wrongly decided. However, they are the law of the Ninth Circuit, and must be applied by this court. Accordingly, I find that Bergquam's conviction did not violate the Double Jeopardy Clause.

In the alternative, Bergquam contends that he should be resentenced with a downward departure to take account of the punishment that resulted from the forfeiture. Requests for resentencing are best handled by the original sentencing judge. Therefore, I return this case to the Honorable Helen J. Frye for all further proceedings.

Bergquam's petition to vacate his conviction pursuant to 28 U.S.C. § 2255 is denied. The case is referred back to the Honorable Helen J. Frye for the determination of Bergquam's request for resentencing.